PAPPAS, Bankruptcy Judge,
Dissenting.
I reluctantly decline to join my colleagues’ opinion because I do not believe the California legislature intended that a debtor, without exception, should have access to potentially large distributions of cash from a trust not needed for his support or education in preference to the legitimate claims of his creditors.
The California Probate Code provisions dealing with the rights of a spendthrift trust beneficiary’s creditor to access income and principal distributions are opaque. However, in this case, I do not think those statutes prevent the Trustee from asserting a right to more than 25% of the distributions to be made to the Debtor. In coming to this conclusion, and in contrast to the majority, I would reconcile the Probate Code as follows.
Sections 15300 and 15301(a) generally validate the inclusion of “spendthrift” provisions to protect trust income and principal from the reach of a beneficiary’s credi *78 tors while the assets remain in the trust. As the statutes note, there are the several exceptions to the general rale authorizing spendthrift trusts, which are codified in section 15301(b) and sections 15304 through 15307.
For example, section 15301(b) allows a California court, upon petition of a beneficiary’s judgment creditor (or in this case, the beneficiary’s bankruptcy trustee), in the exercise of its discretion, to order the trustee of the trust to pay an amount of the principal of the trust, which has become “due and payable” to the beneficiary, to the creditor. Under sections 15305 and 15305.5, creditors holding support or restitution claims are, with an appropriate court order, not restricted by the spendthrift restrictions of a trust, and may reach either present or future distributions to a debtor of trust income or principal.
The Probate Code contains other relevant provisions concerning a court’s power to order that trust distributions be made to a beneficiary’s creditors. For example, section 15306.5, like section 15301(b), allows a court, upon a creditor’s petition, to order the trustee to pay a creditor instead of the beneficiary. But unlike section 15301(b), a court order under this section of the Probate Code may impact amounts of both principal and income that “the trustee, in the exercise of the trustee’s discretion, has determined or determines in the future to pay to the beneficiary.”
However, under section 15306.5(b), the court’s authority under subsection (a) is limited, and a beneficiary’s rights are protected. This statute provides, as a general rule, that the court may not order more than 25% of the payment that otherwise would go to the beneficiary be paid to the creditor. Section 15306(c) is another beneficiary protection. It prohibits any payment to a creditor of amounts necessary for the support of the beneficiary and his or her dependents. In other words, via this provision, an impecunious debtor may be able to persuade a court to prevent a creditor from reaching even the 25% of a distribution generally allowed under section 15306.5(b).
Finally, section 15307 plays a critical role in protecting creditors’ rights in this context. It allows a court, “[njotwith-standing” the general validity of spendthrift provisions allowed in sections “15300 or 15301,” upon petition of a judgment creditor, to order payment to the judgment creditor from “any amount to which the beneficiary is entitled under the trust or that the trustee, in the exercise of trustee’s discretion, has determined to pay the beneficiary” of amounts “in excess of the amount that is or will be necessary for the education and support of the beneficiary....”
Viewed collectively, to me, the California statutory scheme attempts to balance the rights of a beneficiary’s creditors, the trustor, and a beneficiary’s needs for financial support. Under the Probate Code, a spendthrift trust may be created by a trustor to protect the payments to which the beneficiary may be entitled from the trust from the reach of the beneficiary’s creditors. While this is an obviously valid legislative goal, absent exceptions to this general rule, the use of such trusts could prove abusive where beneficiaries with unpaid creditors have no legitimate need for trust distributions. To balance the scales, the California legislature allows creditors, in some cases, to reach some, or perhaps even all, of those distributions. For most creditors (ie., not those holding claims for support or restitution creditors), that amount will be 25% of the distribution. However, the statutes allow either a creditor or the beneficiary to petition the state court and to perhaps persuade it, in the exercise of its discretion, to either increase *79 or decrease the amount going to the creditor depending upon the beneficiary’s financial needs.
Interpreting the statutes in this fashion makes good sense. Spendthrift trusts are generally allowed, but they are subject to the exercise of judicial discretion to prevent them from being used to inequitably shield financially independent beneficiaries from the legitimate claims of creditors. Putting this policy in context, why would the California legislature favor a testator’s goal of providing cash payments to a beneficiary over the rights of a beneficiary’s creditors when the facts show that the beneficiary does not need the money? In particular, when according to the trust instrument, or in the trustee’s discretion, it is time to distribute principal to a beneficiary, why insulate those distributions from the claims of creditors of an affluent beneficiary?
Unlike my colleagues, I do not believe this reading of section 15307 renders section 15306.5 superfluous. On the other hand, as my colleagues concede, the majority’s interpretation does indeed render section 15307 surplusage unless we take the extraordinary step of judicially limiting section 15307’s application solely to trust income distributions. As the majority acknowledges, to reach their result, they must ignore the express language of section 15307 which makes it applicable “[njotwithstanding a restraint under ... 15300 [income] or 15301 [principal].” (Emphasis added). Doing so violates many of the same canons of statutory construction upon which the majority relies to support its interpretation.
Because I decline to believe that the California legislature intended us to read the Probate Code in a manner implementing a bad, perhaps even an absurd policy, I respectfully dissent. We should vacate the bankruptcy court’s order limiting the right of the Trustee to 25% of the trust distribution, and remand for consideration by the bankruptcy court of what amounts are truly necessary for the education and support of the debtor as required by section 15307.